## MATTHEWS v. BOAS & MURPHY.

Action of Trespass—defendants pleaded *severally* liberum tenementum, and *jointly* liberum tenementum as to one, and license as to the other. Plaintiff inadvertently failed to reply to the last plea in term time, and at the next term judgment was entered for defendants: held, that as the last plea required two replications, which could not be filed without leave of the court, and especially as the plea was unnecessary, the court should have permitted the plaintiff to reply at the subsequent term.

Error to the Circuit Court of Washington county.

### Frissell for Plaintiff in Error.

1st. That the plea purporting to be the joint pleas of the defendants not being an answer, or even purporting or professing to be an answer to any antecedent pleading, must of necessity be treated as a nullity, and can neither require a replication nor a demurrer.

2d. That if replications could be filed, they could only be filed during court, because the plea absolutely requires two replications, and two replications to one plea can only be filed by special leave of the court. Stat. of Mo. 460, sec. 30.°

3d. That this plea as to Wm. D. Murphy is identical (not several) with another plea filed at the same time, and the law does not require replications to two identical pleas. Stat. of Mo. 459, sec. 24.

### Cole for Defendants in Error.

First. Did the circuit court err in refusing the motion of plaintiff for judgment?

Secondly. Did the court err in rendering judgment of non pros upon motion of defendant?

It is insisted that the court erred in neither.

### Opinion of the Court by Tompkins Judge.

Matthews brought an action of trespass against Boas and

SEPT. TERM
1840.

Matthews
v.
Boas & Murphy.

Murphy.  They pleaded severally not guilty, and liberum tenementum.  To these pleas the plaintiff replied, and issues were joined.  But the defendants pleaded jointly that the place in which the trespassers were charged to have been committed, was the freehold of one of them, and that the other entered &c. by his permission.  To this plea the plaintiff failed to reply in term time, and at the subsequent term, judgment was, on the defendant's motion, entered up against the plaintiff.

Action of trespass—defendants pleaded *severally* liberum tenementum, and *jointly* liberum tenementum as to one and license as to the other. Plaintiff inadvertently failed to reply to the last plea in term time, and at the next term judgment was entered for def'ts: Held, that as the last plea required two replications, which could not be filed without leave of the court, and especially as the plea was unnecessary, the court should have permitted the plaintiff to reply at the subsequent term.

The plaintiff contends that he could not reply to this plea in vacation, as it required two replications, leave of the court being necessary to authorise him to file two replications to one plea; see sec. 30 of third article of the act to regulate practice at law.  He was allowed to file a replication in vacation, but it must have been done within fifteen days after the close of the term when pleas were filed.  It would have been more regular if the plaintiff had filed an affidavit, stating what was urged in argument, that this plea was filed late in the term and escaped his observation till late in vacation, when he endorsed thereon his demurrer.  So far as the plea regarded the owner of the freehold, it was entirely useless, for he had pleaded the same before, and it was useless for him to join with the other defendant for whom only it was necessary to plead a license.  As the defendants committed the first fault in filing a plea to which the plaintiff could not reply without leave of the court, which could not have been obtained in vacation, and more especially as this double pleading was by no means necessary to their defence, this court is not disposed to secure to them any advantage which they may have gained by committing the first fault.  Murphy owned the freehold and had pleaded it.  Boas had pleaded the same falsely as he seems to admit in the subsequent joint plea; and it seems rather to savor of vexation that Murphy should again plead liberum tenementum jointly with Boas, and make that plea double, by coupling the license to Boas in it.  The judgment of the circut court will be reversed, and the cause remanded for further proceedings in conformity with this opinion.